UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA L. FREITAG,<br><br>    Plaintiff(s),<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et. al.,<br><br>    Defendant(s). | No. C00-2278 TEH (BZ)<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Judge Henderson has referred to me for a report and recommendation plaintiff Deanna Freitag's motion for attorneys' fees and costs. On June 29, 2009, Judge Henderson ordered that plaintiff was entitled to recover reasonable attorneys' fees for monitoring the injunction pursuant to the procedure agreed upon by the parties in the Joint Status Statement. Docket Nos. 579 and 580. The injunction has been in place since a jury found the defendants liable for sexual harassment, wrongful termination, and retaliation. The plaintiff contends she is owed: (1) $16,330,00 in attorneys'

1

fees for monitoring and enforcing the injunction, (2) costs in the amount of $1,028.18, and (3) attorneys' fees for bringing this motion, totaling $10,680.00 as of November 15, 2010. Thus, plaintiff requests $28,038.18 in total. Docket No. 597.

Defendants first contend plaintiff is not entitled to any fees because she submitted her fee request late and failed to timely ask defendants to meet and confer on her disputed fee requests. Docket No. 600 at 1. Plaintiff has not provided any explanation for either failure. The effect of her failures was to annoy defendants and create a unnecessary burden for both the Court and the defendants.

The remedy for plaintiff's failures is not waiver or forfeiture of all fees. Instead I recommend sanctioning plaintiff for not following the Court's order, pursuant to FRCP 16(f)(1)(C) and the Court's inherent power to control its proceedings. See Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). While that rule applies literally to a failure "to obey a scheduling or other pretrial order," I see no reason why it cannot be applied to a situation such as this where there are ongoing proceedings related to an enforcement of the Court's injunction. I recommend as a sanction that plaintiff's fees be reduced by 25%. In as much as plaintiff has proffered no explanation for her failures, I see no need for a hearing. If plaintiff objects to this recommendation on due process grounds and desires a hearing, I recommend that this matter be referred back to me for a hearing.

Defendant also challenges the reasonableness of some of the fee requests. Under the terms of the injunction,

2

1 | plaintiff may recover for time spent monitoring the injunction
2 | as well as enforcing it. Plaintiff asserts she spent 19.05
3 | hours on these tasks. However, defendants argue that her
4 | billing statements show only 6.45 hours were spent monitoring
5 | or enforcing the injunction. Why defendants accept the 6.45
6 | hours and challenge the remaining 12.6 hours is not clear. In
7 | her reply, plaintiff points out that many of the hours
8 | challenged by defendants were billed directly for monitoring
9 | and enforcing the injunction. Docket No. 601 at 4. Defendants,
10 | as the opposing party, have the burden of producing evidence
11 | to challenge the accuracy and reasonableness of the hours.
12 | Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994). I have
13 | reviewed plaintiff's billing records and found the hours
14 | billed are reasonable. Because defendants have not met their
15 | burden under Gates, I recommend that plaintiff be awarded fees
16 | for all 19.05 hours.

17 | Plaintiff seeks fees for the 11.10 hours her counsel
18 | spent on issues concerning defendants' alleged retaliation
19 | against her in violation of Judge Henderson's injunction.
20 | Defendants argue that these fees are not recoverable because
21 | the hours were not spent enforcing the injunction. Under the
22 | terms of the injunction, "The California Department of
23 | Corrections...is further enjoined from engaging in any
24 | employment practices, or taking any other personnel action,
25 | for the purpose or with the effect of retaliating against any
26 | Pelican Bay State Prison employee..." Docket No. 595-3 at 8.
27 | Defendants fail to persuasively counter plaintiff's claim and
28 | explain why the hours worked on anti-retaliation issues do not

3

1 relate to the monitoring of the injunction. Because the
2 injunction specifically bars retaliatory practices, I
3 recommend that plaintiff recover fees for the 11.10 hours
4 spent on this task.

5 Plaintiff requests $10,680.00 in attorneys' fees for the
6 28.85 hours she spent trying to recover her fees, including
7 bringing this motion. Defendants argue plaintiff is only
8 entitled to fees for monitoring the injunction and not for the
9 time spent trying to obtain its fees. Courts have previously
10 found that argument to lack merit and awarded the prevailing
11 party attorneys' fees for its work to collect the fees. Clark
12 v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir. 1986);
13 Sierra Club v. U.S. E.P.A., 625 F.Supp.2d 863, 871 (N.D. Cal.
14 2007). Thus, I recommend plaintiff be awarded fees for the
15 28.85 hours she spent which I have reviewed and found to be
16 reasonable under the circumstances.[1]

17 Lastly, defendants contend they should not be required to
18 pay plaintiff's costs because Judge Henderson's order only
19 awarded plaintiff attorneys' fees. Additionally, defendants
20 argue the costs were not based on monitoring the injunction
21 and they were neither reasonable or necessary. These arguments
22 are not persuasive. While Judge Henderson's order does not
23 specifically mention costs, it refers to the parties' Joint
24 Status Statement. In this Statement, the parties agree that

---

[1] One of the reasons plaintiff spent almost 30 hours on this task is because she failed to timely submit her fee requests and meet and confer with defendants which created more work for herself. This failure is being addressed by my recommendation to sanction plaintiff's award by 25%.

4

1  plaintiff is entitled to both fees and costs. Docket Nos. 579
2  & 580 at 2. Thus, defendants understood that they would be
3  liable for plaintiff's costs. Accordingly, I recommend
4  awarding costs in the full amount of $1,028.18 which I find to
5  be reasonable.

6      For the foregoing reasons, I recommend plaintiff be
7  awarded the $28,038.18 as requested, less 25% ($7,009.54)
8  based on plaintiff's failure to follow Judge Henderson's
9  order, for a total of $21,028.64.

10 Dated: July 11, 2011

11                          Bernard Zimmerman
12                        United States Magistrate Judge

13
   G:\BZALL\-REFS\FREITAG\REPORT AND RECOMMENDATION FOR ATTY'S FEES.FINAL
14 VERSION.wpd

5