IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA L. FREITAG,<br><br>  Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | NO. C00-2278 TEH<br><br>ORDER RE: PARTIES' MOTIONS FOR DE NOVO REVIEW OF MAGISTRATE JUDGE'S JULY 11, 2011 REPORT AND RECOMMENDATION RE: ATTORNEYS' FEES AND COSTS |

This matter is before the Court on Plaintiff's and Defendants' motions for de novo review of the July 11, 2011 report and recommendation by Magistrate Judge Bernard Zimmerman on Plaintiff's motion for attorneys' fees and costs. After carefully reviewing the parties' written arguments, the Court finds oral argument to be unnecessary and now VACATES the hearing scheduled for September 19, 2011. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion and DENIES Plaintiff's motion in its entirety.

**BACKGROUND**

On July 2, 2009, this Court entered an order providing that: "As long as the injunction remains in place unmodified, Plaintiffs shall be entitled to recover reasonable attorneys' fees pursuant to the procedure agreed upon by the parties and set forth on page 2 of their June 29, 2009 joint statement." The June 29, 2009 joint statement included the following:

> The parties are in agreement that if further monitoring of the injunctive relief is conducted by plaintiff's counsel, then the parties will agree to a billing procedure that would obviate the necessity for filing fee motions with the Court in the absence of any dispute as to the appropriate amount of fees. Currently, plaintiff's counsel seek fees for monitoring the decree during the

first quarter of 2009. They have proposed the following procedure for payment of fees for this and future monitoring:

1. Within ten (10) business days following the end of each quarter (based on a calendar year), Plaintiff would submit copies of the billing statements for that quarter to the Deputy Attorney General for review and consideration. The billing statements would identify the services rendered.

2. The Attorney General's office will have ten (10) business days after receipt of the billing statements to advise Plaintiff's counsel of any objections to the amounts claimed for that quarter. Either counsel would have the option of extending the review period by an additional five (5) business days.

3. Following the expiration of the review period, the Attorney General's office will have five (5) business days to initiate the processing of a check for payment of any non-objectionable fees and costs to Plaintiff's counsel.

4. Following the expiration of the review period, the parties will have ten (10) business days to meet and confer in person to resolve any objections asserted by the Attorney General.

5. In the event that the parties are able to resolve the Attorney General's objections at the meet and confer meeting, or after the provision of additional support by Plaintiff's counsel, within five (5) business days thereafter the Attorney General's office will initiate the processing of a check for payment of the balance of the fees and costs to Plaintiff's counsel.

6. In the event that the parties are unable to resolve the Attorney General's objections after meeting and conferring, Plaintiff's counsel may submit an application to the Court for payment of the attorneys' fees and costs.

June 29, 2009 Joint Statement at 2.

Plaintiff filed a motion for supplemental attorneys' fees and costs on November 15, 2010, with a corrected copy filed the following day. In that motion, Plaintiff requested fees and costs for the fourth quarter of 2008 through the third quarter of 2010 (i.e., October 1, 2008, through September 30, 2010), as well as fees and costs through November 15, 2010, for bringing their fees motion. On December 14, 2010, this Court referred Plaintiffs' motion to Magistrate Judge Bernard Zimmerman for a report and recommendation. The motion was subsequently referred to then Magistrate Judge Edward Chen for a settlement conference.

The parties did not settle at an April 4, 2011 settlement conference, and Judge Zimmerman issued his report and recommendation on July 11, 2011. Judge Zimmerman

2

recommended that Plaintiff's counsel be awarded the requested fees and costs, less 25%. He explained the recommended 25% reduction as follows:

> Defendants first contend plaintiff is not entitled to any fees because she submitted her fee request late and failed to timely ask defendants to meet and confer on her disputed fee requests. Docket No. 600 at 1. Plaintiff has not provided any explanation for either failure. The effect of her failures was to annoy defendants and create a unnecessary burden for both the Court and the defendants.
>
> The remedy for plaintiff's failures is not waiver or forfeiture of all fees. Instead I recommend sanctioning plaintiff for not following the Court's order, pursuant to FRCP 16(f)(l)(C) and the Court's inherent power to control its proceedings. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). While that rule applies literally to a failure "to obey a scheduling or other pretrial order," I see no reason why it cannot be applied to a situation such as this where there are ongoing proceedings related to an enforcement of the Court's injunction. I recommend as a sanction that plaintiff's fees be reduced by 25%. In as much as plaintiff has proffered no explanation for her failures, I see no need for a hearing. If plaintiff objects to this recommendation on due process grounds and desires a hearing, I recommend that this matter be referred back to me for a hearing.

July 11, 2011 Report & Recommendation at 2.

Both parties filed timely motions for de novo review of certain aspects of Judge Zimmerman's report and recommendation, as well as timely opposition and reply papers. The Court addresses each objection in turn below.

**DISCUSSION**

**I.    Defendants' Motion**

    **A.    11.10 Hours for "Work on Retaliation"**

Defendants first object to Judge Zimmerman's recommendation that Plaintiff's counsel be awarded fees for 11.10 claimed hours spent on monitoring retaliation against Plaintiff. Defendants argue that these hours were not spent on post-judgment litigation and are therefore not compensable, but this is unpersuasive in light of the Court's order and the parties' agreement that Plaintiff's counsel may be compensated for monitoring work.

3

However, the Court agrees with Defendants that Plaintiff has failed to establish her entitlement to fees for monitoring retaliation, as opposed to monitoring implementation of the remedial plan for controlling inmate exhibitionist behavior that was the subject of this Court's July 16, 2004 order. Although the injunction in this case is not limited to the remedial plan,[1] the parties' June 29, 2009 joint statement discussing monitoring fees refers specifically to the remedial plan. In addition, the orders of this Court do not provide for any monitoring except for the remedial plan. The cases cited by Plaintiff are distinguishable in that they refer to post-judgment monitoring of consent decrees, many of which specifically provided for monitoring costs. *E.g., Gates v. Rowland*, 39 F.3d 1439, 1449-50 (9th Cir. 1994) ("district court entered an order establishing a procedure for periodic payment of attorneys' fees and costs during the pendency of the consent decree" and defendants did not object to compensation for monitoring work); *Turner v. Orr*, 785 F.2d 1498, 1499 (11th Cir. 1986) (consent decree included creation of "Plaintiffs' Monitoring Committee" to "monitor and ensure the continuing enforcement of the consent judgment," as well as provision that defendants would "'reimburse plaintiffs for the cost and expenses reasonably incurred in their prosecution of this litigation including the expenses reasonably incurred or to be incurred by the Plaintiffs' Monitoring Committee in carrying out its duties under this Judgment'" (quoting Consent Judgment)). In the Court's experience, consent decrees involve long-term implementation plans that require monitoring – much like the remedial plan in this case – and not more simple injunctions barring specific behavior. Notably, although Plaintiff argues that injunctive relief in employment discrimination cases is commonplace, she cites no cases where counsel has been awarded attorneys' fees for monitoring compliance with those injunctions. Thus, the Court finds that Plaintiff has not met her burden of establishing entitlement to fees for monitoring any injunctive relief aside

---

[1] Defendants are also enjoined "from engaging in any employment practices, or taking any other personnel action, for the purpose or with the effect of maintaining a sexually hostile work environment at Pelican Bay State Prison, or otherwise discriminating against any Pelican Bay State Prison employee on the basis of sex," or "for the purpose or with the effect of retaliating against any Pelican Bay State Prison employee for complaining about, or otherwise opposing, practices made unlawful by Title VII." Aug. 18, 2003 Order at 8.

4

from the remedial plan ordered by the Court on July 16, 2004, and Plaintiff shall not be awarded the $4,870.00 she claims for work in monitoring retaliation.

### B. Fees for Time Spent Seeking Attorneys' Fees

Defendants next object to Judge Zimmerman's recommendation to award fees for time spent trying to recover fees. Defendants acknowledge that fees are properly awarded for time spent preparing a motion for attorneys' fees, but they contend that time spent in requesting payment of fees without filing a motion is not compensable. This Court disagrees. Defendants have cited no authority limiting compensable fee work to actual litigation, and it would be nonsensical to allow fees for filing a motion but not for time reasonably spent in trying to negotiate with the opposing party so as to avoid the need for motion practice. To conclude otherwise would result in a perverse incentive for opposing counsel to prolong unnecessarily efforts to resolve a fee request informally. Moreover, the parties are required by local rule to "meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making motion for award of attorney's fees," Civ. L.R. 54-5, and, more specifically, are required by this Court's July 2, 2009 order to comply with a process that includes Plaintiff's submitting fee requests to Defendants and meeting and conferring with Defendants about those requests. The Court therefore agrees with Plaintiff that time spent preparing requests for fees from Defendants and negotiating those fees is compensable. *Cf. Sierra Club v. U.S. Envtl. Prot. Agency*, 625 F. Supp. 2d 863, 870-71 (N.D. Cal. 2007) (pre-litigation work is compensable when necessary to the filing of an action).

However, the Court shares Defendants' concern that claiming 27.85 hours in fees to recover roughly the same number of hours on the merits (19.05 hours on monitoring and 11.10 hours on retaliation, which this Court rejected above) may not be reasonable, even after considering that Defendants' strong opposition to payment of fees resulted in protracted fees litigation.[2] The Court cannot determine the reasonableness of these hours since it is unclear from Plaintiff's papers exactly which items in counsel's billing records are being

---

[2] The Court's concern is heightened because the claimed hours for fees on fees reflect only time spent through November 15, 2010.

5

claimed, and there do not appear to be any detailed billing records after September 30, 2010. Accordingly, while Plaintiff is entitled to fees on fees, including fees for time spent requesting and negotiating fees from Defendants prior to filing a motion, the Court does not now award any such fees. Instead, counsel are directed to meet and confer in good faith in an attempt to resolve the amount of fees to be paid – including any fees reasonably incurred after Plaintiff filed her motion. If counsel cannot resolve their dispute informally, then the parties shall submit a joint statement by **September 30, 2011,** discussing the areas of disagreement.

### C. Costs

Finally, Defendants object to Judge Zimmerman's recommendation that costs be awarded. This Court rejects Defendants' arguments. Even though the Court's July 2, 2009 order referred only to "attorneys' fees," it also referred to the parties' June 29, 2009 joint statement, which discussed "fees and costs." July 2, 2009 Order at 1; June 29, 2009 Joint Statement at 2. Moreover, even if costs were not specifically mentioned, "out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are *recoverable as attorney's fees* under [42 U.S.C.] section 1988." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986) (emphasis added), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). In addition, costs for copying, postage, and messenger services have been specifically approved by the Ninth Circuit. *E.g., Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994). Because such costs are awarded as part of an attorneys' fee award, no bill of costs is required. *See Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (awarding costs that would normally be charged to a fee-paying client when submitted as part of a fee petition, even though the claimed costs were not included in a bill of costs).

As with fees on fees, however, Plaintiff has not adequately explained the claimed costs, and the Court can make no determination as to their reasonableness. For example, Plaintiff claims $101.40 in photocopies during August 2009, but it is not clear from any of the billing entries why any photocopies, let alone the amount claimed, were reasonably

6

1 required for that month. In addition, it is not clear whether the parties' settlement agreement
2 on Plaintiff's prior request for fees encompassed any costs associated with that request. In
3 light of these deficiencies, the Court orders the parties to meet and confer regarding costs and
4 to submit a joint statement by **September 30, 2011,** if they cannot reach agreement.

## II. Plaintiff's Motion

Plaintiff does not object to Judge Zimmerman's recommended 25% sanction as to the third and fourth quarters of 2009 and the second quarter of 2010, nor does she request a hearing or otherwise raise any due process concerns. However, she contends that there should be no sanction as to the fourth quarter of 2008 and first and second quarters of 2009, and that a 5% sanction would be more appropriate as to the first and third quarters of 2010.

### A. Fourth Quarter of 2008 and First and Second Quarters of 2009

Plaintiff first argues that no sanction can be applied to her request for fees for the fourth quarter of 2008 and first and second quarters of 2009 because no order setting deadlines was in place for those quarters, and Plaintiff "cannot be sanctioned for failing to comply with an order that had yet to be issued." Mot. at 3. The parties' June 29, 2009 agreement, which was incorporated into the Court's July 2, 2009 order, belies that argument. The joint statement provided that "plaintiff's counsel seek fees for monitoring the decree *during the first quarter of 2009*," and the parties agreed on a "procedure for payment of fees for *this and future monitoring*." June 29, 2009 Joint Statement at 2 (emphases added). Thus, the procedure unquestionably applies to fee requests for the first and second quarters of 2009. The Court also finds that the procedure applies to all prior monitoring fees yet to be paid by Defendants. Although the agreement did not specifically mention fee requests prior to 2009, the Court's order provided that fees may be recovered pursuant to the agreed upon procedure "[a]s long as the injunction remains in place unmodified."[3] July 2, 2009 Order at 1.

---

[3] The Court rejects Defendants' argument that the agreement's failure to mention a fee request for the last quarter of 2008 indicates an intent to abandon such fees.

7

Of course, the agreement and order were not in place until shortly after the end of the second quarter of 2009, and the deadline for Plaintiff to submit billing statements for prior quarters is not clear. One reasonable interpretation would be to give Plaintiff ten business days from the date of the entry of the Court's order in which to submit earlier fee requests to Defendants, but the Court need not decide that question. Plaintiff did not submit her requests for the last quarter of 2008 and the first and second quarters of 2009 until March 22, 2010 – more than eight months after the Court entered the order adopting the parties' agreed-upon procedure. This is extremely untimely under any reasonable interpretation, and the Court finds the 25% sanction recommended by Judge Zimmerman to be appropriate for these quarters.

### B. First and Third Quarters of 2010

Plaintiff next argues that a 25% sanction is too large for the first and third quarters of 2010 and requests that a 5% sanction would be more appropriate. The parties agree that the fee requests for these quarters were submitted one and two business days late, respectively.

As to the first quarter of 2010, Defendant submitted timely objections on April 29, 2010, only to be met with silence until Plaintiff's counsel requested a meet and confer on August 30, 2010.[4] This was well beyond the ten-day deadline for meeting and conferring required by the agreed upon and ordered procedures. Plaintiff urges the Court to find that both parties share responsibility for initiating the meet and confer process, but the Court does not find Plaintiff's position to be persuasive. Defendants submitted objections to Plaintiff's fee request, so the proverbial ball was in Plaintiff's court. In addition, Plaintiff is the party seeking fees, and Defendants would have no reason to request a meet and confer to pay a fee request to which they objected in its entirety. The Court finds the recommended 25% sanction to be appropriate.

The delay as to the third quarter of 2010 was not as egregious, as Defendant submitted objections on October 19, 2010, and Plaintiff responded on November 15, 2010. However,

---

[4] Counsel claimed not to have received a response, but the billing records indicate that counsel reviewed the response on May 3, 2010. Ex. 9 to Price Decl. at 47, ECF No. 595-9.

1 both the initial request and the meet and confer were nonetheless untimely. Given Plaintiff's
2 prior record of failing to follow deadlines in this case, the Court finds the recommended 25%
3 sanction to be appropriate. The Court has no confidence that any lesser sanction would assist
4 the Court in controlling these proceedings by encouraging Plaintiff's counsel to comply with
5 court-ordered deadlines.

**CONCLUSION**

For the above reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's motion is DENIED. Plaintiff's counsel shall not receive any fees for claimed work on monitoring retaliation. Plaintiff's counsel shall be paid $11,460.00, less 25%, for a total of $8,595.00, for work on monitoring the remedial plan for the period of October 1, 2008, to September 30, 2010. Defendants shall pay this amount to Plaintiff's counsel no later than **October 7, 2011.**

Plaintiff is entitled to fees incurred in seeking fees for this period, as well as costs. However, as discussed above, the Court cannot determine a reasonable amount based on Plaintiff's submissions and orders the parties to meet and confer. If they cannot reach agreement by **September 30, 2011,** then they shall submit a joint filing on that date that includes an itemized list of the claimed fees and costs, a discussion of whether the previous settlement encompassed any of the fees or costs claimed on this motion, and any objections from Defendants. Failure to file a timely submission shall result in denial of Plaintiff's request for both costs and fees on fees for the last quarter of 2008 through the third quarter of 2010.

**IT IS SO ORDERED.**

Dated: 09/07/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

9