IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEANNA L. FREITAG,

          Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

          Defendants.

NO. C00-2278 TEH

ORDER RE: PARTIES' SEPTEMBER 30, 2011 JOINT STATEMENT RE: ATTORNEYS' FEES AND COSTS

On September 7, 2011, this Court granted in part and denied in part the parties' motions for de novo review of Magistrate Judge Bernard Zimmerman's July 11, 2011 report and recommendation on Plaintiff's most recent motion for attorneys' fees and costs. The Court ordered that:

> Plaintiff's counsel shall not receive any fees for claimed work on monitoring retaliation. Plaintiff's counsel shall be paid $11,460.00, less 25%, for a total of $8,595.00, for work on monitoring the remedial plan for the period of October 1, 2008, to September 30, 2010. Defendants shall pay this amount to Plaintiff's counsel no later than **October 7, 2011.**
>
> Plaintiff is entitled to fees incurred in seeking fees for this period, as well as costs. However, as discussed above, the Court cannot determine a reasonable amount based on Plaintiff's submissions and orders the parties to meet and confer. If they cannot reach agreement by **September 30, 2011,** then they shall submit a joint filing on that date that includes an itemized list of the claimed fees and costs, a discussion of whether the previous settlement encompassed any of the fees or costs claimed on this motion, and any objections from Defendants.

Sept. 7, 2011 Order at 9. Predictably, the parties were unable to reach agreement on the outstanding fees and costs. After carefully considering the parties' remaining disputes as set forth in their timely filed joint statement, the Court orders Defendants to pay Plaintiff's counsel an additional $20,041.97 for the reasons set forth below.

**DISCUSSION**

**I.     Fees on Fees**

In the joint statement, Defendants argue that the fee award for time spent on claiming fees should be reduced by 9.95 hours and should be further reduced by 50% "to reflect plaintiff's limited degree of success on her motion for attorney fees." Sept. 30, 2011 Joint Statement at 6. However, Plaintiff contends – without rebuttal from Defendants – that Defendants challenged only 2.70 hours during the meet-and-confer process. Accordingly, the Court rejects Defendants' remaining challenges to the number of claimed hours as untimely. Likewise, the Court will not entertain Defendants' new argument that Plaintiff's fee award should be reduced by an additional 50%.

As to the disputed 2.70 hours, Plaintiff appears to be correct that the assigned magistrate judge scheduled the settlement conference without having consulted the parties. Nonetheless, 2.70 hours is an unreasonable amount of time to have spent on rescheduling the assigned date.[1] For example, Plaintiff's counsel claims to have spent a combined 0.60 hours (36 minutes) receiving and reviewing two e-filing notices containing the parties' one-paragraph stipulation and one-paragraph order. This is not credible. These hours are either padded or completely unreasonable, particularly since the same attorney reportedly "Draft[ed] and Review[ed] and Revise[d]" the stipulation in only 0.20 hours (12 minutes). *See* Ex. 2 to Sept. 30, 2011 Joint Statement at 3. Similarly, it either did not take or should not have taken 1.10 hours to correspond via electronic mail over a matter as simple as rescheduling a single date. *See id.* The Court concludes that a reasonable attorney would have spent no more than 0.50 hours on this task, and Plaintiff's claimed fees are therefore reduced by 2.20 hours, or $693.00 based on attorney Harrell's $315 hourly billing rate. Thus, Plaintiff's award for fees on fees is reduced from the requested $26,858.75 to

---

[1] Plaintiff's counsel appears to have initially exercised billing judgment in writing off 0.60 of the 2.70 hours allegedly spent on this task. *See* Ex. 2 to Sept. 30, 2011 Joint Statement at 3 ("NO CHARGE" next to last entry). However, in the joint statement, counsel claims the full 2.70 hours. Sept. 30, 2011 Joint Statement at 3.

2

$26,165.75. Less the 25% sanction recommended by Judge Zimmerman and adopted by this Court, the amount of fees on fees that Defendants must pay Plaintiff is $19,624.31.

## II. Costs

Plaintiff reduced her demand for costs from $1028.18 in the original motion to $556.88 in the joint statement. Defendants offered to pay this amount as part of their overall settlement offer and do not argue that any of the claimed costs are unreasonable or otherwise should not be awarded. Accordingly, the Court awards the full amount of costs now claimed by Plaintiff. Less the 25% sanction recommended by Judge Zimmerman and adopted by this Court, the amount Defendants must pay Plaintiff for costs is $417.66.

## CONCLUSION

Defendants shall pay Plaintiff's counsel an additional $20,041.97, as discussed above, no later than **November 7, 2011.** The Court also takes this opportunity to remind the parties that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The parties have lost sight of this admonition, and the Court may consider appointing a special master, whose fees shall be paid by the parties, to resolve any future fee disputes that the parties cannot resolve by meeting and conferring in good faith.

**IT IS SO ORDERED.**

Dated:   10/06/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT