UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA L. FREITAG<br><br>  Plaintiff(s),<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et. al.,<br><br>  Defendant(s). | No. C00-2278 TEH (BZ)<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO MODIFY JULY 2, 2009 ORDER AND AWARD OF REASONABLE ATTORNEYS' FEES** |

Judge Henderson has referred to me for a report and recommendation Plaintiff's motion to modify the July 2, 2009 order and award of reasonable attorneys' fees (Docket No. 580).[1]

---

[1] On June 29, 2009, Judge Henderson ordered that Plaintiff was entitled to recover reasonable attorneys' fees for monitoring the injunction pursuant to the procedure agreed upon by the parties in the Joint Status Statement. (Docket Nos. 579, 580.) The injunction has been in place since a jury found Defendants liable for sexual harassment, wrongful termination, and retaliation. The July 2, 2009 order states, in relevant part: "As long as the injunction remains in place unmodified, Plaintiffs shall be entitled to recover reasonable attorneys' fees pursuant to the procedure agreed upon by the parties and set forth on page 2 of

1

Plaintiff contends that there are five outstanding payments for attorneys' fees, including one late payment fee: (1) $315.00 for fees associated with monitoring the injunction during the first quarter of 2011; (2) $2,925.00 for fees associated with monitoring the injunction during the second quarter of 2011; (3) $17,041.50 for fees associated with monitoring the injunction during the third quarter of 2011[2]; (4) $8,593.31 for fees associated with monitoring the injunction during the fourth quarter of 2011; and (5) $5,010.40 as a late payment for fees paid in November 2011 pursuant to an order issued by Judge Henderson on October 6, 2011 (Docket No. 623).  Thus, Plaintiff requests $33,885.21 in total.

By her motion, Plaintiff seeks both to collect the amounts allegedly due and outstanding, and to modify the July 2, 2009 order to require Defendants to make all future payments to plaintiff within thirty days.  Defendants contend that Plaintiff's request for an expedited payment schedule is not warranted, and that her request for $5,010.40 as a penalty is not justified because the November 2011 payment was only two days late.  Defendants also challenge the allegedly outstanding fees from the first and third quarters of 2011, as explained below.  Finally, Defendants request that the court modify the monitoring process and dissolve the injunction

---

their June 29, 2009 joint statement."

[2] Plaintiff contends that, of this amount, Defendants initially agreed to pay $1,883.27, and then later agreed to pay an additional $15,158.23 for fees that were initially disputed.

2

1  because it is no longer necessary.
2       At the outset, I note that Judge Henderson has not
3  referred to me the issue of whether it is proper to dissolve
4  the injunction and monitoring processes in this case.
5  Accordingly, this report and recommendation does not address
6  that issue.
7       With respect to the first quarter fees sought by
8  Plaintiff in the amount of $315.00, I recommend that Plaintiff
9  be awarded this sum.  While Defendants contend that Plaintiff
10 waited until February 2012 to seek this amount and that this
11 sum should therefore be deemed waived, Defendants admit that
12 they "agreed this fee was undisputed" and that for "unknown
13 reasons" it was never paid.  (Def.'s Opp. p. 4.)  Plaintiff
14 should not be held accountable for Defendants' oversight.
15      With respect to the third quarter fees sought by
16 Plaintiff, Defendants contend that they are not liable to
17 Plaintiff for $1,883.27 of the $17,041.50 sought.  This is
18 because, according to Defendants, the parties settled the
19 disputed third quarter fees for $15,158.23.  I have reviewed
20 the exhibits submitted by both parties and recommend that
21 Plaintiff be awarded the full sum of $17,041.50.  Plaintiff is
22 correct that the letters submitted by both parties evidence
23 that Plaintiff agreed to Defendants' proposal to pay
24 $15,158.23 for disputed fees.  The additional $1,882.52 sought
25 by Plaintiff is for undisputed fees, which Defendants
26 previously agreed to pay and which Judge Henderson in fact
27 ordered Defendants to pay on October 31, 2011.
28      With respect to the $5,010.40 sought by Plaintiff as a

3

penalty for fees paid by Defendants that were two days late, I recommend that this amount be awarded.  The $5,010.40 amount sought by Plaintiff represents 25% of the $20,041.97 in fees that Defendants were ordered to pay within thirty days pursuant to Judge Henderson's October 6, 2011 order (Docket No. 623).  By the terms of that order, Defendants had until November 7, 2011 to provide payment to plaintiff, and the payment was not tendered until November 9, 2011.  Prior orders sanctioning Plaintiff for failing to comply with court-ordered deadlines imposed similar sanctions, and Defendants failed to provide a legitimate rationale for why similar sanctions should not apply to their failure to comply with the court's orders.

    Finally, I recommend that Plaintiff's request for a 30-day expedited payment schedule be denied.  Defendants provided evidence that the length of their payment process depends greatly on the number of payment requests in the queue and varies in length due to staff shortages and payment protocols imposed by the State.  Plaintiff provided no evidence that Defendants are discriminating against her or otherwise delaying her payments in a manner inconsistent with other individuals who are also awaiting payments.  There is therefore insufficient evidence to justify imposing an expedited payment schedule.

    For the foregoing reasons, I recommend Plaintiff be awarded the $33,885.21 as requested and that Plaintiff's request to impose an expedited payment schedule be denied. Defendants' requests, contained in their opposition, to

4

terminate the injunction and to modify the monitorship should be addressed to Judge Henderson.[3]

Dated: April 26, 2012

                                                   Bernard Zimmerman
                               United States Magistrate Judge

G:\BZALL\-REFS\FREITAG\REPORT AND RECOMMENDATION TO MODIFY MOTION FOR ATTYS FEES.wpd

---

[3] Plaintiff's objections to the supplemental opposition filed by Defendants are **SUSTAINED**.