IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEANNA L. FREITAG,

        Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

NO. C00-2278 TEH

ORDER ADOPTING IN PART MAGISTRATE JUDGE'S APRIL 26, 2012 REPORT AND RECOMMENDATION; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION RE: ATTORNEYS' FEES

This matter is before the Court on Plaintiff's and Defendants' objections to the April 26, 2012 report and recommendation by Magistrate Judge Bernard Zimmerman on the motion for attorneys' fees and costs filed by Plaintiff on March 12, 2012. After carefully reviewing the motion papers, Judge Zimmerman's report and recommendation, and the parties' objections, the Court now ADOPTS IN PART Judge Zimmerman's report and recommendation as discussed below. Plaintiff's motion for attorneys' fees is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Attorneys' fees and costs for monitoring the injunction in this case are governed by a procedure stipulated to by the parties on June 29, 2009, and entered as an order of this Court on July 2, 2009. On March 12, 2012, Plaintiff filed a motion to modify that order to require Defendants to submit payment within thirty days of reaching agreement on any amount due. Plaintiff's motion also sought an award of three disputed sets of fees from 2011: (1) $315.00

from the first quarter of 2011; (2) $1883.27 from the third quarter of 2011; and (3) $5010.40 as a late sanction for the payment received on November 9, 2011, but due on November 7, 2011, pursuant to the Court's October 6, 2011 order.

The Court referred the motion to Judge Zimmerman, who issued his report and recommendation on April 26, 2012. Judge Zimmerman recommended that Plaintiff's requested fees be granted in their entirety, but that Plaintiff's request for a thirty-day expedited payment schedule be denied. Both parties filed timely objections, which the Court considers in turn below.

**DISCUSSION**

**I. Defendants' Request to Terminate, Modify, or Stay Monitoring**

In their opposition to Plaintiff's motion, Defendants requested that the injunctive relief be terminated or, at minimum, that the monitoring process be modified retroactive to January 1, 2012, to cap attorneys' fees. Judge Zimmerman correctly ruled that such a motion was outside the scope of the referral. Defendants finally appear to understand, as this Court has previously explained, that they must file a regularly noticed motion if they seek to terminate injunctive relief. Defendants filed such a motion on May 25, 2012, and noticed it for hearing on July 2, 2012. That motion is the proper procedural mechanism by which to raise termination of the injunction and modification of the monitoring process, and the Court makes no ruling on those issues here.

Additionally, Defendants raised in their objections a request for an immediate stay of the monitoring process. This request is unsupported by any legal argument and, accordingly, is denied.

**II. $315.00 for First Quarter of 2011**

As correctly found by Judge Zimmerman, Defendants admit that they agreed to pay the additional $315.00 claimed by Plaintiff for the first quarter of 2011, but that payment was never issued "for unknown reasons." Opp'n at 4-5. Correspondence between counsel

2

indicates that Defendants agreed to pay this amount on May 16, 2011. May 16, 2011 Letter from Vincent Scally to Jeshawna Harrell at 1 (Ex. B to Price Decl.). Although Plaintiff apparently did not raise this issue again until February 2012, the Court agrees with Judge Zimmerman that "Plaintiff should not be held accountable for Defendants' oversight" in failing to process payment. Report & Recommendation ("R&R") at 3. Defendants shall pay Plaintiff an additional $315.00 for work performed during the first quarter of 2011.

### III. $1883.27 for Third Quarter of 2011

Judge Zimmerman recommended that Plaintiff be awarded $17,041.50 for the third quarter of 2011. Defendants argue that they settled fees for this quarter for $15,158.23, leaving a difference of $1883.27 in currently disputed fees. The exhibits submitted by the parties reveal the following history: On November 14, 2011, Defendants agreed to request a check for $1882.52 for undisputed third quarter fees. Nov. 14, 2011 Letter from Pamela Price to Vincent Scally & Lyn Harlan at 1 (Ex. C to Price Decl.); *see also* Nov. 15, 2011 Letter from Lyn Harlan to Pamela Price at 1 (Ex. 4-11 to Harlan Decl.) (characterizing this amount as "unobjectionable monitoring fees"). The parties do not appear to dispute that Defendants miscalculated this amount, which should have been $1883.27. *See* Jan. 5, 2012 Letter from Pamela Price to Vincent Scally & Lyn Harlan at 4 n.1 (Ex. 4-13 to Harlan Decl.). On January 5, 2012, Plaintiff demanded "$16,842.48 as payment in full for the third quarter of 2011 *disputed fees*." *Id.* at 1 (emphasis added). This amount represented the $18,725.75 reflected in counsel's billing statements, less the $1883.27 that Defendants had already agreed to pay. *Id.* at 4-5. Plaintiff then stated her "willing[ness] to accept $15,158.23 (a 10% reduction) as payment in full for the third quarter *disputed fees*." *Id.* at 5 (emphasis added). On January 26, 2012, Defendants "accept[ed] [Plaintiff's] demand," including $15,158.23 for the third quarter of 2011. Jan. 26, 2012 letter from Lyn Harlan to Pamela Price (Ex. D to Price Decl.).

Contrary to Defendants' assertions, it is clear that Plaintiff was offering to settle the *disputed fees* – $16,842.48 – and not the total $18,725.75 in requested fees, for $15,158.23,

3

1 and Defendants accepted that offer. Accordingly, for the third quarter of 2011, Defendants
2 shall pay a total of $15,158.23 plus $1883.27, or $17,041.50.

## IV. $5010.40 as Sanction for Late Payment

On September 7, 2011, this Court imposed a 25% sanction on Plaintiff's requested fees for the fourth quarter of 2008, the first and second quarters of 2009, and the first and third quarters of 2010. The July 2, 2009 order provides that Plaintiff shall submit requests for payment within ten business days following the end of each quarter. As the Court explained in imposing the sanction:

> Of course, the agreement and order were not in place until shortly after the end of the second quarter of 2009, and the deadline for Plaintiff to submit billing statements for prior quarters is not clear. One reasonable interpretation would be to give Plaintiff ten business days from the date of the entry of the Court's order in which to submit earlier fee requests to Defendants, but the Court need not decide that question. Plaintiff did not submit her requests for the last quarter of 2008 and the first and second quarters of 2009 until March 22, 2010 – more than eight months after the Court entered the order adopting the parties' agreed-upon procedure. This is extremely untimely under any reasonable interpretation, and the Court finds the 25% sanction recommended by Judge Zimmerman to be appropriate for these quarters.

Sept. 7, 2011 Order at 8. As to the first and third quarters of 2010, Plaintiff submitted requests one and two business days late, respectively. However, Plaintiff took four months to respond to Defendants' objections to the requested fees for the first quarter of 2010, and one month to respond to Defendants' objections as to the third quarter of 2010, despite the July 2, 2009 order's provision that the meet-and-confer process be completed within ten business days. The Court found a 25% sanction to be appropriate as to these quarters in part because of "Plaintiff's prior record of failing to follow deadlines in this case." *Id.* at 9.

On October 6, 2011, the Court ordered Defendants to pay Plaintiff's counsel $20,041.97 no later than November 7, 2011. Plaintiff did not receive payment until two days later, on November 9, 2011. Because the Court previously sanctioned Plaintiff by 25% for late requests for payment, Plaintiff submitted an invoice to Defendants for $5010.40, which

4

is approximately 25% of the amount due. Judge Zimmerman recommended that the requested amount be granted: "Prior orders sanctioning Plaintiff for failing to comply with court-ordered deadlines imposed similar sanctions, and Defendants failed to provide a legitimate rationale for why similar sanctions should not apply to their failure to comply with the court's orders." R&R at 4.

This Court disagrees. Unlike Plaintiff, who repeatedly violated the procedures set forth in the July 2, 2009 order multiple times and by several weeks and even months, Defendants missed a single deadline by two days. These circumstances are vastly different, and the Court does not find a similar sanction to be appropriate.

**V.   Plaintiff's Request for Thirty-Day Expedited Schedule**

Defendants agreed to pay Plaintiff $2925.00 for the second quarter of 2011, $15,158.23 for the third quarter of 2011, and $8593.31 for the fourth quarter of 2011, for a total of $26,676.54. The parties agree that Defendants initiated payment for these amounts on January 26, 2012, for the second and third quarters, and on January 31, 2012, for the fourth quarter. As of May 10, 2012, Plaintiff had not yet received payment. Defendants have advised Plaintiff that payment may "take up to 180 days," so Plaintiff "can expect to receive these payments by approximately July 31, 2012." Feb. 1, 2012 Letter from Lyn Harlan to Pamela Price at 1 (Ex. E to Price Decl.). Plaintiff requested an order from the Court to modify the July 2, 2009 order to specify that Defendants shall pay any agreed fees and costs within thirty days.

Judge Zimmerman recommended denying Plaintiff's request:

> Defendants provided evidence that the length of their payment process depends greatly on the number of payment requests in the queue and varies in length due to staff shortages and payment protocols imposed by the State. Plaintiff provided no evidence that Defendants are discriminating against her or otherwise delaying her payments in a manner inconsistent with other individuals who are also awaiting payments. There is therefore insufficient evidence to justify imposing an expedited payment schedule.

5

R&R at 4. Upon its review of the record, the Court agrees with Judge Zimmerman and will not order an expedited payment schedule for future requests for fees and costs in this case. However, to minimize the delay in receiving funds to which Defendants agreed to pay Plaintiff but have to date failed to initiate payment, the Court will require expedited payment of the fees at issue in this order for the first and third quarters of 2011.

At Plaintiff's option, she may pay the $75 fee to expedite processing if she wishes to obtain payment on any future request for attorneys' fees and costs within four to six weeks. *See* Sobel Decl. ¶¶ 4-5. Plaintiff may object that she should not have to bear the burden of this expense, but the Court does not order her to do so; instead, it is her option if she finds that waiting for payment via the normal course of business would pose a hardship. Plaintiff cannot complain that payment of the fee itself would cause a hardship because she characterized the expedited processing fee as "quite *de minimis* per year." May 10, 2012 Mot. for Relief at 4.

**CONCLUSION**

As discussed above, Judge Zimmerman's April 26, 2012 Report and Recommendation is ADOPTED IN PART, and Plaintiff's March 12, 2012 motion for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART. The Court does not order expedited payment of the $26,676.54 for which Defendants have already initiated payment, and the Court denies Plaintiff's request for $5010.40 as a sanction for a payment that was received two days beyond the Court-ordered deadline.

However, Defendants are ordered to pay Plaintiff $315.00 for the first quarter of 2011 and $1883.27 for the third quarter of 2011, for a total of $2198.27, no later than **July 13, 2012.** Late payment of this amount shall be subject to a 1% daily penalty, to be calculated on the original amount due and unpaid; penalties shall not compounded.

The Court feels compelled to note that, yet again, the parties have ignored the Court's repeated reminders that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The disputes at issue in this

6

motion, as well as in previous ones, appear to be largely the result of personal animosity between counsel, and the Court will no longer expend its resources or those of a magistrate judge on resolving such disputes. Consequently, if the Court denies Defendants' pending motion to terminate the injunction, thereby continuing Plaintiff's right to recover monitoring fees, the Court will at that time also appoint a special master, whose fees shall be paid by the parties, to resolve all future disputes over attorneys' fees and costs that counsel cannot resolve independently.

**IT IS SO ORDERED.**

Dated: 06/01/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT