IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEANNA L. FREITAG,

        Plaintiff,

        v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

NO. C00-2278 TEH

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF JUNE 1, 2012 ORDER

Plaintiff Deanna Freitag has filed a motion for reconsideration of this Court's June 1, 2012 order adopting in part and rejecting in part Magistrate Judge Bernard Zimmerman's April 26, 2012 report and recommendation concerning Freitag's most recent motion for attorneys' fees and costs. Freitag asserts that reconsideration should be granted because the Court violated Civil Local Rule 72-2, which governs motions for relief from nondispositive pretrial orders of a magistrate judge and provides that any such motion shall be deemed denied if no order is issued within fourteen days of the filing of the motion. The rule further provides that the district judge may not grant the motion "without first giving the opposing party an opportunity to respond." Civ. L.R. 72-2.

Freitag's motion is DENIED for the following independent reasons:

1. Freitag failed to seek leave to file a motion for reconsideration as required by Civil Local Rule 7-9(a).

2. Federal Rule of Civil Procedure 54(d)(2)(D) provides that a court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a *dispositive* pretrial matter" (emphasis added). Thus, this matter does not concern a nondispositive pretrial order, and Civil Local Rule 72-2 does not apply. Federal Rule of Civil Procedure 72(b)(2) governs objections to a magistrate judge's findings and recommendations on a

1 dispositive pretrial matter. The rule provides fourteen days for a party to respond to another
2 party's objections.[1] Neither party filed responses to the other party's objections within this
3 time period (or at any time thereafter).

4     3. The Court conducted a de novo review of the record before reaching its decision on
5 Freitag's motion for attorneys' fees and costs. This review included review of Freitag's
6 moving and reply papers, and there is no reason to believe that any response to the CDCR's
7 objections would have raised additional issues that the Court did not consider. Moreover,
8 Freitag has never requested that the Court expand the record, *see* Civ. L.R. 72-3(b)-(c), let
9 alone shown good cause for doing so.

**IT IS SO ORDERED.**

Dated: 06/18/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Civil Local Rule 72-3(a) requires objections pursuant to Federal Rule of Civil Procedure 72(b) to be filed as a regularly noticed motion under Civil Local Rule 7-2. Oppositions to such motions are due within fourteen days. Civ. L.R. 7-3(a). Neither party followed the proper procedure in this instance, but the Court opted not to order the parties to show cause as to why sanctions should not be imposed, or to force the parties to re-file their objections in the proper form.

2