IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEANNA L. FREITAG,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

NO. C00-2278 TEH

ORDER SETTING BRIEFING SCHEDULE RE: ATTORNEYS' FEES AND COSTS

On December 17, 2012, the parties filed a joint statement regarding the status of Plaintiff's request for attorneys' fees and costs, as required by the Court's November 5, 2012 order. Plaintiff's counsel expressed her belief that a referral to a special master was unnecessary because "the amount charged by a special master to resolve any disputes could easily and significantly exceed the amount in controversy," thus making it "not financially feasible to pursue any request for fees in this matter." *E.g.* Joint Statement at 5. The Court finds it unlikely that a special master would charge more than the approximate $56,000 at issue, and counsel's conclusion is perhaps an indication that she does not believe a special master would award all or any significant part of the amount claimed.

In addition, the parties' meeting and conferring after the Court's November 5, 2012 order appears to have been limited to a single telephone call that "lasted less than five minutes." *Id.* at 3. Defendants' counsel further describes Plaintiff's counsel as unresponsive to requests for a more meaningful discussion. *Id.* at 2-3. Notably, Plaintiff's counsel did not rebut Defendants' counsel's description of events. To meet and confer "means to communicate directly *and discuss in good faith* the issue(s) required under the particular Rule or order." Civ. L.R. 1-5(n) (emphasis added). It appears that Plaintiff's counsel failed

to do so in this case, which may again reflect counsel's belief that her request is not entirely reasonable.

Nonetheless, and despite this Court's prior admonitions that it would appoint a special master, the Court is concerned that counsel would be deterred from seeking fees out of fear that she would be ordered to pay more to a special master than she would be awarded. The Court will therefore itself resolve any remaining disputes over fees and costs. Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

1. If Plaintiff continues to seek any fees and costs beyond the $276.45 for which payment has already been initiated by Defendants, then she shall file a motion for attorneys' fees and costs on or before **January 14, 2013**. Defendants' opposition shall be due on or before **January 28, 2013**, and Plaintiff's reply shall be due on or before **February 4, 2013**. The matter will then be deemed submitted on the papers without oral argument.

2. Any fees and costs not requested by a motion filed by January 14, 2013, shall be deemed as waived.

**IT IS SO ORDERED.**

Dated: 12/20/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2